## CIRCUIT COURT OF RICHMOND COUNTY

Frances D. Packett

v.

William C. Herbert, II,
Marianne Herbert, and
Warsaw Super Wash, Inc.

January 16, 1990

Case No. (Chancery) 27-85CH

By JUDGE JOSEPH E. SPRUILL, JR.

The plaintiff in this chancery suit requested and was granted, without objection, an issue out of chancery to determine whether a car wash operated on premises adjoining her home constituted a nuisance, and if so, the damages she had sustained during the period of the nuisance. This case came for trial on November 2, 1989.

The jury found that defendants' activities were a nuisance and awarded plaintiff $25,000.00 damages.

Defendants moved to set aside the award because no evidence of compensable harm was presented to the jury. Further, defendants moved to strike the award against William C. Herbert, II, and Marianne Herbert, individually.

For thirty-five years or more, plaintiff has resided in a dwelling on U. S. Route 360 west of the town of Warsaw in Richmond County. In September, 1984, a car wash facility was constructed by defendants, William C. Herbert, II, and Marianne Herbert, brother and sister, on a 1.12 acre parcel adjoining plaintiff's home. This property was leased by the Herberts to Warsaw Super Wash, Inc., a Virginia corporation of which they are the sole stockholders.

The evidence was substantially without conflict. Beginning soon after it opened, the patrons of the car wash and others who gathered there frequently engaged

in loud, boisterous, and sometimes vulgar behavior. These incidents were in plain view of the plaintiff's home. The plaintiff and her son on numerous occasions called defendants to complain and reported the more egregious activities to the police. The defendants and the police made efforts to bring relief, but such efforts were substantially without effect. The plaintiff videotaped some of the incidents of which she complained, which tapes were shown to the jury.

Defendants urge that the jury's award of money damages be set aside because money damages are not permitted in a nuisance action.

The parties agree that the jury was properly instructed as to the definition of nuisance.

The thrust of defendants' argument is that (1) there was no showing of a diminution in value of the plaintiff's property and (2) that this was, in effect, an award for personal injuries. Although a diminution in value of the property affected may be an element of damages in nuisance cases, it is not the only element. Annoyance, discomfort, and inconvenience are also compensable, and logically so, because often these factors create the essence of the nuisance action. We find no authority to the contrary.

Defendants state that money damages for personal injury are not permitted in a nuisance action and cites *National Energy Corporation v. O'Quinn*, 223 Va. 83 (1982), as support for this proposition. We do not construe Mrs. Packett's award as compensation for personal injury. As the *National Energy* opinion states:

> A nuisance may diminish the value of realty. The condition *also* [emphasis added] may interfere with some right incident to the ownership or possession of real property. Such interference may be accomplished by substantially impairing the occupant's comfort, convenience, and enjoyment of the property . . . . 223 Va. at 85.

We find this case consistent with *National Energy*, in that in each, the jury award was not for personal injury in the usual context but was compensation for "material disturbance or annoyance" to plaintiff in the use and enjoyment of the property.

Defendants also object to the lack of evidence of monetary loss or damage. Without proof of tangible injury or loss, "the jury is given carte blanche to access damages . . . ." Physical discomfort and physical symptoms, suggest the defendants, must be proven. The plaintiff's testimony graphically described the activities in question, and while her discomfort may have been more emotional than physical, they appear to the Court to be the normal reactions of a person of reasonable sensibilities. We find no case which holds that a physical manifestation is required of an injury arising from discomfort and inconvenience.

> Where the injury from a nuisance is discomfort and inconvenience, the amount of damages must be left to the jury in view of all the facts. Absolute certainty in such cases is not attainable and is not required. The injured party cannot be denied the right to recover because he cannot show the exact amount with certainty, although he is ready to show to the satisfaction of the jury that he has suffered large damage. Where, from the nature of the case, the amount of damage cannot be ascertained with certainty, there is no objection to placing before the jury all the facts and circumstances of the case having any tendency to show damages, or their probable amount, so as to entitle them to make the most intelligible and probable estimate which the nature of the case will admit. 14A Michie's Jurisprudence, *Nuisances*, § 45.

Defendants further maintain that they should have been allowed to explore the issue of the change in value of the defendants' property. We held, at trial, that the value of defendants' property was an irrelevant issue. We believe this ruling was correct. No effort was made at trial by plaintiff to show that the value of her property had diminished. Plaintiff's property is residential, but it is adjacent to commercial property. There would be, no doubt, a great disparity in the value of plaintiff's property depending upon its classification. To hold that her damages recoverable from defendants should be offset

by the enhancement in value of her property is to say, in effect, that defendants could maintain a nuisance and avoid financial responsibility therefor in proportion to the rate of inflation in property values. We do not believe the law would countenance such a result.

Defendants also rely on *Philip Morris, Inc. v. Emerson*, 235 Va. 380 (1988). This case involves the negligent handling of a supertoxic chemical and is distinguishable from our case. Ours is not a personal injury case involving principles of negligence. Rather, we view this as a case in which a jury has determined that a nuisance existed and has awarded damages to plaintiff as compensation.

Finally, defendants ask that the award against the individual defendants, William C. Herbert, II, and Marianne Herbert, be stricken. The Herberts own the land on which the car wash is situated, they built the car wash, they entered into a lease with the corporation, they are the sole stockholders and only officers of the corporation, and from the evidence, are the only parties having any real involvement with the corporation. The corporation apparently has no employees. It was apparent from the evidence that the Herberts acted throughout in their individual capacities, as well as owners of the business and as its agents. It was the Herberts who responded from time to time to the complaints of plaintiff. The Herberts have been aware of the problems for some time, and indeed, they, and only they, have taken steps to abate the nuisance, albeit ineffectively. We hold that they were acting in their individual capacities and as agents in the operation of a business they owned, as well as officers of the corporation, and in either event, they must bear some personal responsibility.

In summary, we believe that this issue was an appropriate one for submission to a jury, a procedure which the Supreme Court in its earlier decision in this case tacitly approved, that the jury was properly instructed and that, although it is advisory only, nothing has been offered to suggest that the award is excessive. Therefore, the Court will enter an appropriate order in accordance with the decision of the jury. Additionally, we think it appro-

priate to direct defendants to take steps to abate any further nuisance activity on their property.